# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN L. KNUTH,<br><br>                 Plaintiff,<br><br>  v.<br><br>CAP PATROL, LLC OHIO; CAP PATROL, LLC KENTUCKY; GEORGE E. THURNER, III,<br><br>                 Defendants. | Case No. 23-cv-1676-BAS-DEB<br><br>**ORDER REQUIRING CORPORATE DEFENDANTS TO FILE DISCLOSURE STATEMENT** |

As the Court has dismissed with prejudice Plaintiff's federal claim (ECF No. 30), Plaintiff's Third Amended Complaint ("TAC") alleges the Court has subject-matter jurisdiction over Plaintiff's surviving state-law claims under diversity jurisdiction (ECF No. 31 ¶ 10). However, the Court unaware of the complete citizenship of the parties in this case as the corporate defendants have failed to file the appropriate corporate disclosure forms under Federal Rule of Civil Procedure ("Rule") 7.1.

A federal court has diversity jurisdiction over a non-federal claim where there is complete diversity of parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A limited liability company is a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A party in a diversity case is required to file a disclosure statement

naming and identifying the citizenship of "every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2). This requirement is triggered "when any later event occurs that could affect the court's jurisdiction under § 1332(a)." *Id.* 7.1(a)(2)(B). A plaintiff dropping all federal claims and asserting diversity jurisdiction is just such a "later event."

Accordingly, the Court **ORDERS** Defendants Cap Patrol, LLC Ohio, and Cap Patrol, LLC Kentucky, to file the appropriate corporate disclosure forms **no later than August 1, 2025**.

**IT IS SO ORDERED.**

**DATED: July 24, 2025**

*[signature: Cynthia Bashant]*

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**