UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN L. KNUTH,<br><br>        Plaintiff,<br><br> v.<br><br>CAP PATROL, LLC OHIO; CAP PATROL, LLC KENTUCKY; GEORGE E. THURNER, III,<br><br>        Defendants. | Case No. 23-cv-1676-BAS-DEB<br><br>**ORDER**<br> 1. **DENYING MOTION TO DISMISS (ECF No. 33);**<br> 2. **GRANTING IN PART, DENYING IN PART MOTION TO STRIKE (ECF No. 33);**<br> 3. **DENYING MOTION FOR RECONSIDERATION (ECF No. 38)** |

   In this case, Plaintiff has already filed a Complaint (ECF No. 1) and an Amended Complaint as a matter of right (ECF No. 4). The Court dismissed the Amended Complaint with leave to amend, outlining very specific deficiencies in the Amended Complaint, including those related to standing, personal jurisdiction, venue, and failure to allege a claim under Rule 12(b)(6). (ECF No. 21.) Plaintiff filed a Second Amended Complaint ("SAC") (ECF No. 22), but the Court again dismissed the SAC in part for failure to allege standing, personal jurisdiction over the corporate defendants, and failing to state a claim. (ECF No. 30.) Specifically, the Court dismissed the second, fourth, and fifth causes of action with prejudice, but gave the Plaintiff one last opportunity to amend to add sufficient

allegations of personal jurisdiction against the corporate Cap Patrol defendants for the first and third causes of action. (*Id.*)

Plaintiff has filed a Third Amended Complaint ("TAC"). (ECF No. 31.) Plaintiff's TAC brings allegations against Defendants George E. Thurner, III ("Thurner"), Cap Patrol, LLC Ohio ("Cap Patrol Ohio"), and Cap Patrol, LLC Kentucky ("Cap Patrol-KY") for "violation of common law and Cal. Code. §3344a" and "misappropriation of Plaintiff's sandbagging systems based on California common law." (*Id.*)

Defendant again moves to dismiss and moves to strike Plaintiff's request for punitive damages and attorneys' fees (ECF No. 33), which Plaintiff opposes (ECF No. 34), and Defendant replies (ECF No. 37). In addition, after briefing on the Motion to Dismiss was completed, Plaintiff filed a Motion for Reconsideration under Rule 60(b), asking the Court to reconsider its prior dismissal of the second and fifth causes of action with prejudice. (ECF No. 38). Defendant opposes (ECF No. 34) and Plaintiff replies (ECF No. 37).

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the reasons stated below, the Court **DENIES** the Motion to Dismiss (ECF No. 33), **GRANTS** in part and **DENIES** in part the Motion to Strike (ECF No. 33), and **DENIES** the Motion for Reconsideration. (ECF No. 38).

I. **BACKGROUND**

The facts leading to this dispute have been summarized in earlier orders. Of note to this Motion, Plaintiff now adds allegations with respect to both of the Cap Patrol Defendants. With respect to Cap Patrol-KY Plaintiff now alleges that it "operates an interactive website . . . that promotes Plaintiff's Sandbagging Systems" throughout the world, including California and this District. (TAC ¶ 21). This interactive website "invites contact from prospective customers, including customers located in California and this District." (*Id.* ¶ 22.) Cap Patrol-KY "promotes and advertises" the website "to golfers and golf clubs in California, and specifically in this District." (*Id.* ¶ 28.) And finally, Cap

Patrol-KY has "contacted golf clubs and golfers within California, and specifically within this District, to advertise, promote and sell Plaintiff's Sandbagging Systems . . . ." (*Id.* ¶ 34.)

With respect to Cap Patrol, Ohio LLC ("Cap Patrol-OH"), Plaintiff additionally alleges that Cap Patrol-OH has four golf club customers in San Diego and fifty-seven golf customers in California. (*Id.* ¶ 36.) And Plaintiff similarly alleges that Cap Patrol-OH has "contacted golf clubs and golfers within California, and specifically within this District, to advertise, promote and sell Plaintiff's Sandbagging Systems . . . ." (*Id.* ¶ 44.)

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for failure to make sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating the sufficiency of these factual allegations, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").

## III. ANALYSIS

Defendants make several arguments in their Motion to Dismiss. First, Defendants argue that Plaintiff still fails to allege personal jurisdiction with respect to the two Cap Patrol defendants. Defendants claim that Plaintiff's sole allegations of a website, a

YouTube channel, and mobile app are insufficient to show purposeful availment with respect to the allegations in the Complaint.[1]

Second, Defendants argue that the remaining causes of action are preempted by patent law. And, finally, Defendant requests that the damages requested under California Civil Code § 3426.3 be stricken. (ECF No. 33.) The Court considers each argument in turn, after which it analyzes Plaintiff's Motion for Reconsideration.

### A. Motion to Dismiss

#### 1. Personal Jurisdiction

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). If the court considers the motion on written materials alone, rather than a full-blown evidentiary hearing, the plaintiff need make only a "prima facie showing" of personal jurisdiction to survive the motion. *Id.* Whichever allegations in the complaint are uncontroverted, the court must take as true. *Id.* Any conflict between the parties as to these facts must be resolved in the plaintiff's favor. *Id.* (citing *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000), *holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [the plaintiff's] version of events . . . .").

The Ninth Circuit employs a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Under this three-part inquiry, specific jurisdiction exists only if: (1) the out-of-state defendant purposefully availed itself of the

---

[1] Defendant Cap Patrol-KY also argues the Plaintiff abandoned his claim against it, agreeing that Cap Patrol-KY is not a separate legal entity. Plaintiff replies that it just received additional information that Cap Patrol-KY is, in fact, a separate legal entity. Since Plaintiff has filed the Third Amended Complaint adding Cap Patrol-KY back in as a defendant, the Court denies the Defendant's argument to the extent it relies on abandonment.

privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws, (2) the cause of action arose out of the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Myers v. Bennett L. Offs.*, 238 F.3d 1068, 1072 (9th Cir. 2001).

The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "'Bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG, LLP*, 476 F.3d 756, 766 (9th Cir. 2007). "But uncontroverted allegations [in the complaint] must be taken as true" and any conflicts between the parties should be resolved in the plaintiff's favor. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

An interactive website alone is insufficient to show purposeful availment. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 693 (2024). "But operating a[n interactive] website 'in conjunction with something more—conduct directly targeting the forum—is sufficient' to satisfy the express aiming prong." *Id.* at 1092 (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011)). The Court should look at "whether the site had a forum-specific focus or the defendant exhibited an intent to cultivate an audience in the forum." *Id.*

"If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id*. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

In this case, Plaintiff alleges Cap Patrol-KY operated an interactive website. (TAC ¶¶ 21, 22.) The "something more" alleged by Plaintiff is that Cap Patrol-KY "has contacted golf clubs and golfers" within this district "to advertise, promote and sell Plaintiff's Sandbagging System." (*Id.* ¶ 34.) With respect to Cap Patrol-OH, Plaintiff similarly alleges that it "has contacted golf clubs and golfers" within this district "to advertise,

promote and sell Plaintiff's Sandbagging System" and promotes its systems through direct adds to golf clubs in San Diego County. (*Id.* ¶¶ 34, 35.) Additionally, Plaintiff alleges Cap Patrol-OH has licensed misappropriated systems to two golf clubs in San Diego and has four golf clubs in San Diego as customers. (*Id.* ¶¶ 36, 40, 42.)

Although it is a close call, the Court finds these allegations, assuming they are true, as the Court must, are sufficient to show both Defendants purposely availed themselves of the privilege of conducting business in this forum. Plaintiff alleges Defendants were specifically targeting golf clubs in this district and, with respect to Cap Patrol-OH, this targeting bore four golf club customers within the district. This evidences an intent to cultivate customers in this forum. In addition, since the allegations involve unauthorized use of Plaintiff's name when marketing this system in this forum, and misappropriation of Plaintiff's Sandbagging System, which was marketed within this forum, the Court finds these claims arose out of forum-related activities.

The burden then shifts to Defendants to show that the exercise of jurisdiction would be unreasonable. Since Defendants make no arguments about unreasonableness, the Court finds Defendants have failed to meet this burden.

Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction is **DENIED**.

### 2. Preemption

Defendants argue Plaintiff's remaining claims of unauthorized use of name in violation of California Civil Code § 3344 and misappropriation of the Sandbagging system are preempted by federal law. A district court may dismiss a complaint when its allegations "give rise to an affirmative defense that clearly appears on the face of the pleading." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022). "Preemption, on which the defendant bears the burden, . . . can be such a defense." *Pardini v. Unilever U.S., Inc.*, 65 F.4th 1081, 1084 (9th Cir. 2023) (citation omitted).

The federal Copyright Act defines the rights of copyright holders. *See Laws v. Sony Music Ent., Inc.,* 448 F.3d 1134, 1137 (9th Cir. 2006). Courts have adopted a two-part test

to see whether a state law claim is preempted by this Act: (1) does the subject matter of the state law claim fall within the subject matter of the copyright as described in the Federal Copyright Act? And, (2) assuming it does, are the rights asserted under state law equivalent to the rights in the Federal Copyright Act that articulates the exclusive rights of copyright holders? *Id.* at 1137–38.

Use of another's name for purposes of advertising or selling or soliciting under §3344 "seeks to prevent commercial exploitation of an individual's identity without that person's consent." *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017). Thus, "a publicity-right claim is not preempted when it targets non-consensual use of one's name or likeness on merchandise or in advertising." *Id.* (emphasis omitted).

In addition, although the federal Copyright Act "preempts all state copyright law, it does not preempt all state common law protecting intellectual property." *U.S. Golf Ass'n v. Arroyo Software Corp.*, 69 Cal. App. 4th 607, 621 (1999) (emphasis omitted). "[S]tate common law claims seeking to protect subject matter not copyrightable under the Act are not preempted." *Id.* at 622. Therefore, since "processes" and "systems" do not fall within the category of copyrightable material, allegations of misappropriation of these systems are not preempted by copyright law. *Id.*

Plaintiff's TAC alleges that Defendants used his name to promote their sandbagging systems without his permission. (TAC ¶¶ 134–62 (Claim I).) Since this claim is targeting Defendants' non-consensual use of his name in advertising, the claim does not fall within the subject matter of the Federal Copyright Act and is not preempted.

Similarly, Plaintiff's TAC alleges Defendants misappropriated his processes or systems. The Court previously found this did not fall within the category of copyrightable material. Hence, it does not fall within the subject matter of the Federal Copyright Act, and the state law claim is not preempted. Defendants' Motion to Dismiss on preemption grounds is **DENIED**.

B. **Motion to Strike**

Defendants move under Rule 12(f) to strike Plaintiff's request for punitive damages and attorney's fees under California Civil Code § 3426.3. The Court may strike any material that is "redundant, immaterial, impertinent or scandalous." Fed. Rules Civ. P., Rule 12(f). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice." *Houston Casualty Co. v. Forster Ins. Co.,* No. 1:16-1-cv-535-LJO-EPG, 2016 WL 449444, at *3 (E.D. Cal. Aug. 25, 2016); *Rees v. P.N.C. Bank, N.A.,* 308 F.R.D. 266, 271 (N.D. Cal. 2015). "'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 971, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)), *rev'd on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994)). Although federal pleading requires notice to the defendants of what relief plaintiff is seeking, the cause of action should not be dismissed "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014).

In this case, Plaintiff provides notice to Defendants that, as a result of the conduct alleged, he will be seeking punitive damages and attorneys' fees. (TAC ¶ 179.) Plaintiff then adds "See California Sections 3426.3 and 3426.4." (*Id.*) Defendants argue, and Plaintiff does not seem to dispute, that these code sections refer to damages for trade secrets. Because Plaintiff alleges no causes of action for a violation of trade secrets, the reference to the code sections is "immaterial" and "impertinent." Hence, the Court will strike the reference to the California Civil Code sections 3426.3 and 3426.4. However, since Plaintiff need not assert the legal theory on which his claim is based at this stage of the proceedings, the Court declines to strike the reference to the damages Plaintiff is seeking, that is, punitive damages and attorney's fees. Whether Plaintiff is entitled to those damages for the causes of action he alleges is a decision for another time. *See Whittlestone*, at 975 (motion to strike inappropriate where Defendant argues punitive damages are

precluded as a matter of law); *Rees*, 308 F.R.D. at 273 ("in federal court, a plaintiff may include a short and plain prayer for punitive damages that relies entirely on unsupported and conclusory allegations of malice or fraudulent intent." (citation modified)). Hence, the Court **GRANTS** in part and **DENIES** in part, Defendants' request to strike.

### C. Motion for Reconsideration

Plaintiff moves for reconsideration of the Court's earlier order of dismissal under Federal Rule of Civil Procedure ("Rule") 60(b). Under Rule 60(b) a court may grant a motion for reconsideration for "mistake, inadvertence, surprise, or excusable neglect," fraud by the opposing party, or "any other reason that justified relief." When reviewing such motions, courts must consider the "compelling interest in the finality of judgments, which should not be lightly disregarded." *Sierra Club, Haw. Chapter v. City & County of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007); *see also Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 305 (5th Cir. 2007) ("[F]inal judgments should not lightly be disturbed."). "Mere disagreement with a previous order" is insufficient and "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." *Id.*

Other than disagreeing with the Court's previous order dismissing several causes of action, Plaintiff appears primarily to argue that the Court's dismissal of two of the causes of action (copyright and trademark infringement) without leave to amend resulted in a manifest injustice.

However, in the first order dismissing these causes of action, the Court gave very specific guidance to Plaintiff as to what must be alleged to avoid further dismissal. With respect to the allegation of copyright infringement, the Court explained:

> "[I]t is unclear from the FAC what [plaintiff] has copyrighted." . . . [G]olf handicap systems are "not the type of subject matter for which copyright protection is available." In any Amended Complaint, Plaintiff must explain what literary, graphic, artistic description, explanation or illustration of this system he is relying on to claim a copyright. To the extent Plaintiff is claiming that Defendants have copied the text of his Tournament Point System, there must be allegations supporting this claim. Instead, Plaintiff alleges

- 9 -

23cv1676

Defendants infringed on his "systems." Such a claim is not cognizable under copyright law."

(ECF No. 21 at 15 (citation omitted).)

With respect to trademark infringement, the Court explained: "Missing, however, are factual allegations that plausibly show consumers in the relevant marketplace would be confused by" the part of Defendants' website that claims its product incorporates Plaintiff's system. (*Id.* at 17.) "Plaintiff must plausibly allege consumers would have believed Plaintiff sponsored or endorsed Defendants' service. . . . Any amended complaint must include sufficient allegations to support consumer confusion." (*Id.* at 18.) And yet, despite, this very specific guidance, Plaintiff filed a SAC with virtually the same allegations. The Court was forced to conclude that Plaintiff did so because he could not allege sufficient facts to support these two causes of action.

Notably absent from the Motion for Reconsideration are any additional alleged facts that would lead the Court to conclude that Plaintiff could have alleged additional facts in an amended complaint. Although Plaintiff argues dismissal without leave to amend resulted in a manifest in justice, he fails to explain what he would allege in any amended complaint that would lead to a different result.

Hence, the Motion for Reconsideration is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **DENIED**. (ECF No. 33.) Defendants' Motion to Strike is granted in part: any reference to California Civil Code sections 3426.3 and 3426.4 is stricken, but otherwise, the Motion to Strike is **DENIED**. (ECF No. 33.) And Plaintiff's Motion for Reconsideration is **DENIED**. (ECF No. 38.) Defendants are hereby **ORDERED** to file an answer to the Third Amended Complaint **no later than August 18, 2025**.

IT IS SO ORDERED.

DATED: August 1, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court

- 10 -

23cv1676