UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN L. KNUTH,<br><br>    Plaintiff,<br><br>v.<br><br>CAP PATROL, LLC, *et al.*,<br><br>    Defendants. | Case No. 23-cv-1676-BAS-DEB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 48)** |

Presently before the Court are Defendants' motions: a motion for reconsideration under Rule 59(e) and a motion for judgment on the pleadings under Rule 12(c). (ECF No. 48.) The Court finds Defendants' motions suitable for determination on the papers submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the foregoing reasons, the Court **DENIES** the motions.

I.   BACKGROUND

This case was filed in 2023 but has been mired in motions since then. The Court granted two motions to dismiss, dismissing three causes of action with prejudice but leaving two causes of action in the Third Amended Complaint ("TAC"): (1) unauthorized use of Plaintiff's name and (2) misappropriation. (ECF No. 31.)

Apparently, neither side is happy with these orders. Plaintiff filed a Motion for Reconsideration requesting that the Court reinstate some of the dismissed claims, which the Court denied. (ECF No. 45.) And now Defendants move to reconsider, asking the Court to dismiss the two remaining claims. (ECF No. 48.) For the reasons stated below, the Court **DENIES** this Motion to Reconsider as well.

## II. ANALYSIS

The Court first considers Defendants' motion for reconsideration, then addresses Defendants' motion for judgment on the pleadings.

### A. Motion for Reconsideration under Rule 59(e)

Reconsideration is an "extraordinary remedy." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). It should be used "sparingly in the interests of finality and conservation of judicial resources." *Id.*

Reconsideration is appropriate under Federal Rule of Civil Procedure 59(e) if: (1) the court "is presented with newly discovered evidence," (2) the court "committed clear error," or (3) "there is an intervening change in controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.

Here, Defendants do not present the Court with newly discovered evidence or an intervening change in the controlling law. Instead, Defendants claim that the Court committed "clear error." (Mot. 4:5–6, ECF No. 48-1.) Specifically, Defendants ask the Court to address the argument that the claim is preempted by patent law. (Not. 1:12–13, ECF No. 48.) But the gist of Plaintiff's allegations in the remaining causes of action is that Defendants used his name and the name of his system while promoting a system that did not work. (TAC ¶¶ 168-170.) Thus, his reputation and the reputation of his sandbagging systems were harmed. (*Id.*) Contrary to Defendants' arguments, these are not causes of action premised on patent-like theories, they are premised on misappropriation of a name.

Hence, at this stage of the pleadings, the Court finds Defendants' rehashed arguments unpersuasive.

### B. Motion for Judgement on the Pleadings under Rule 12(c)

Defendants, in the alternative, seek judgment on the pleadings under Rule 12(c). Relying on California Civil Code § 983, Defendants argue that the misappropriation claim "fails as a matter of California law because Plaintiff lost inventor rights when he publicly disclosed his [systems] for many years." (Mot. 7:3–5.) In full, the statute states: "If the owner of any invention or design intentionally makes it public, a copy or reproduction may be made public by any person, without responsibility to the owner, so far as the law of this state is concerned." Cal. Civ. Code § 983.

A court deciding a Rule 12(c) motion for judgment on the pleadings applies the same standard used in a Rule 12(b)(6) motion for failure to state a claim. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980). The court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 1996). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

Whether or not Plaintiff publicly disclosed his systems for many years is a factual issue, not appropriate for the Court to consider at this early stage of the proceedings. Moreover, Defendants state that there is "extensive precedent . . . that dictates no misappropriation claim may be stated for the alleged copying of an invention or design a party made available to the public," but does not cite to any precedent. (Mot. 8:11–14.) Nonetheless, the Court denies the motion for judgment on the pleadings as Defendants are arguing factual issues outside the pleadings.

## III. CONCLUSIONS

Accordingly, the Court **DENIES** both Defendants' motion for reconsideration and alternative motion for judgment on the pleadings.

**IT IS SO ORDERED.**

DATED: November 25, 2025

**Hon. Cynthia Bashant, Chief Judge
United States District Court**